NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ALEJANDRO LOPEZ, AKA Alejandro Angel Lopez, <br><br> Defendant - Appellant. | No. 24-4334 <br><br> D.C. No. 4:24-cr-00003-AMO-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Araceli Martinez-Olguin, District Judge, Presiding

Submitted May 21, 2025[**]

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Alejandro Lopez appeals from the district court's judgement and challenges

the 60-month sentence imposed following his guilty-plea conviction for possession

with intent to distribute and distribution of fentanyl and methamphetamine in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), and (b)(1)(B)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez contends the district court erred by denying safety valve relief because the allegedly untruthful statement made during his debrief was not relevant to his offense conduct. He also argues that there was no evidence in the record as to what he said during his debrief, and that the record does not support the court's conclusion that his alleged statement at the debrief was untruthful. We review the district court's identification of the correct legal standard de novo, its factual findings for clear error, and its application of the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

To qualify for safety valve relief, the defendant must "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5). This definition "plainly includes uncharged related conduct," meaning "the defendant must provide all the information that he has about his offense of conviction *and* about offenses that were part of the same course of conduct or common scheme." *United States v. Miller*, 151 F.3d 957, 958, 959 (9th Cir. 1998). The district court properly applied this standard. Lopez's attempt to minimize his residency at the home where guns

were found upon his arrest was reasonably understood to be part of an effort to distance himself from the related conduct of gun possession, which was the primary issue at sentencing.

Lopez's remaining claims are also unavailing. At sentencing, the parties agreed as to what Lopez stated in his debrief; the only dispute was whether the statement was truthful. On this record, the court's factual findings as to what Lopez stated during his debrief were not clearly erroneous. *See United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010) ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record."). Moreover, the record supports the district court's conclusion that Lopez's statement during his debrief was "inconsistent" with other evidence in the record showing that Lopez lived in his home for longer than three weeks, including Lopez's statements and conduct during the drug sales. Thus, the court did not abuse its discretion by denying safety valve relief.

**AFFIRMED.**